IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEONARD MICHAEL SAVAGE,

        Petitioner,

    vs.                      **Case No. 04-3430-RDR**

ROGER WERHOLTZ, et al.,

        Respondents.

_____

## MEMORANDUM AND ORDER

This case is before the court upon the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated in the State of Kansas because of convictions by a jury on multiple burglary and theft charges in the state district court of Johnson County, Kansas. Petitioner did not file a direct appeal from these convictions or his sentence. Petitioner did file a petition for habeas corpus relief under K.S.A. 60-1507 in state district court prior to being sentenced. Petitioner was sentenced to a term of 68 months. This sentence was ultimately corrected to 64 months as part of the state criminal case. Petitioner's claims for state habeas relief did not prevail. The court rejected most of petitioner's claims because they were not made on direct appeal. This follows the well-established rule in Kansas that a 60-1507 motion is not "a substitute for direct appeal involving mere trial errors," unless the errors affect constitutional rights and "there were exceptional circumstances

excusing the failure to appeal." Kansas Supreme Court Rule 183(c)(3); see also, <u>Johnson v. State</u>, 24 P.3d 92, 93 (Kan. 2001); <u>Bruner v. State</u>, 88 P.3d 214, 218 (Kan. 2004). An evidentiary hearing was conducted upon petitioner's claim that he received ineffective assistance of counsel. Eventually, the state district court denied this claim. This decision was affirmed by the Kansas Court of Appeals and review was denied by the Kansas Supreme Court.

Petitioner's convictions arose from his arrest in Johnson County, Kansas following a report of a suspicious truck in a neighborhood in that county where burglaries had recently been reported. Petitioner was stopped in the truck which had an open container of beer. Petitioner allegedly had the smell of alcohol on his breath and failed part of the field sobriety test. On these grounds petitioner was arrested, and the truck was towed by a Missouri towing company to a location in Missouri. A search warrant was issued in Missouri to search the truck. This warrant was executed by Kansas law officers. A search warrant was also issued to collect physical evidence from petitioner's body for the purpose of conducting a DNA test. Items from three burglarized residences were found in the truck or on petitioner. There was testimony that petitioner's DNA matched the DNA found on a cigarette butt found in a yard of the neighborhood and near where the truck had been parked. The cigarette butt, itself, was not introduced as evidence. The jury was told this was a normal

2

procedure.  There was testimony that there was a partial match of
the DNA collected from a pair of eyeglasses found in one
burglarized residence and petitioner's DNA.  There was also
testimony that petitioner wore glasses and that he had worked for
an appliance company and had made service calls in this
neighborhood close to the time of the burglaries.  There was also
a recording of a conversation petitioner had with a friend over the
phone from a police station.  Petitioner allegedly made an
inculpatory remark during this conversation.

This order shall address whether the application for relief
under § 2254 should be denied.  There are a few motions pending
which the court shall decide as well.  Petitioner has filed a
motion to produce (Doc. No. 15) and a motion to compel (Doc. No.
19).  These motions request the production of various documents
relating to the state court proceedings.  Some of those documents
are part of the record in this matter.  In light of the arguments
which have been made in this case and the record before the court,
the court does not believe good cause exists to justify granting
the motion to produce or the motion to compel.  Therefore, the
motions shall be denied.  Petitioner has filed a motion for
reconsideration of the denial of an evidentiary hearing.  (Doc. No.
24).  The court shall deny this motion. Petitioner's request for
an evidentiary hearing was premature at the time the request was
originally denied.  Furthermore, as explained in this order,

petitioner has failed to develop the factual basis of a claim in his state court proceedings and otherwise failed to justify the exercise of this court's limited authority under § 2254(e)(2) for conducting an evidentiary hearing.  Finally, the court shall deny petitioner's motion for appointment of counsel.  (Doc. No. 25). Appointment of counsel is discretionary with this court.  <u>Swazo v. Wyoming Dept. of Corrections</u>, 23 F.3d 332, 333 (10th Cir. 1994). Our review of this case persuades us that good cause does not exist to appoint counsel for petitioner.

In his application for relief before this court, petitioner argues the following:  1) that "bodily intrusion" search warrants were not properly supported; 2) that the State used illegal video and audio taping; 3) that the State relied upon an invalid Missouri search warrant; 4) there was judicial misconduct by the trial judge; 5) he was denied the right to subpoena witnesses; 6) he received ineffective assistance of counsel; and 7) his sentence was excessive.  Petitioner offers no legal or factual argument for the claim that his sentence, as modified, was excessive.  Therefore, the court shall reject that argument.

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000).  See also, <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-45 (1999) (when prisoner alleges state conviction violates federal law, state court must

have full opportunity to review claim prior to prisoner seeking federal relief). The exhaustion of state remedies requires properly presenting the claims in the highest court on direct appeal or in a post-conviction attack. O'Sullivan, 526 U.S. at 842; Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

In Lepiscopo v. Tansy, 38 F.3d 1128 (10th Cir. 1994) cert. denied, 514 U.S. 1025 (1995), the Tenth Circuit affirmed the dismissal of a § 2254 petition where the petitioner had failed to directly appeal his state court convictions and sentence. In Hawkins v. Hannigan, 185 F.3d 1146, 1161 (10th Cir. 1999), the Tenth Circuit held that a claim that a § 2254 petitioner's confrontation clause rights were violated at trial was procedurally barred where the claim was not made on direct appeal and no exceptional circumstances were presented to excuse the failure to raise the issue on appeal.

The court stated in Lepiscopo:

> As a result of the Petitioner's default in not appealing his convictions and sentences, "federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."

38 F.3d at 1130 (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The court explained that to demonstrate "cause" for failing to exhaust state court remedies, the petitioner "would have

to show 'that some objective factor external to the defense impeded [his] efforts to comply with the state's procedural rule.'"  Id., (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  In this case, petitioner was advised to directly appeal his convictions, but he did not do so.  He has offered no exceptional circumstances or other adequate justification for his failure to appeal. Therefore, he has not shown cause for his default.

Nor has petitioner demonstrated that a fundamental miscarriage of justice would result if the substance of his claims was not considered.  "The fundamental miscarriage of justice exception is implicated only 'where a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Id. at 1131 (quoting Murray, 477 U.S. at 496 (1986)).  Petitioner has not referred the court to evidence or omissions in the record which persuade the court of a probability that he was actually innocent.

In sum, we find that federal habeas review of petitioner's claims is barred with the exception of his claim that he received ineffective assistance of counsel.  Respondent does not argue procedural default with regard to that claim.

Ineffective assistance of counsel claims are governed by the standards in Strickland v. Washington, 466 U.S. 668 (1984).  "A petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced the petitioner's defense."  Wiggins v. Smith, 539 U.S. 510, 521 (2003).  "Deficient

6

performance" is proven by demonstrating that counsel's performance "fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. "Prejudice" is proven by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.

The Supreme Court has stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, that the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984) (interior citations and quotations omitted).

In reviewing the state court's decision that petitioner did not receive ineffective assistance of counsel, the court is mindful that a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or, "was based on an unreasonable determination of the facts in light of the evidence presented at trial." 28 U.S.C. § 2254(d)(1)&(2). State court factual findings, including credibility findings, are presumed

7

correct, absent clear and convincing evidence to the contrary.  28

U.S.C. § 2254(e)(1); see also <u>Smith v. Gibson</u>, 197 F.3d 454, 459

(10th Cir. 1999) <u>cert. denied</u>, 531 U.S. 839 (2000); <u>Baldwin v.

Johnson</u>, 152 F.3d 1304, 1317 (11th Cir. 1998) <u>cert. denied</u>, 526 U.S.

1047 (1999); <u>Nguyen v. Reynolds</u>, 131 F.3d 1340, 1359 (10th Cir.

1997) <u>cert. denied</u>, 525 U.S. 852 (1998).

   The Supreme Court has stated that a state court decision is
"contrary to" clearly established federal law "if the state court
applies a rule that contradicts the governing law set forth in our
cases" or if the state court "confronts a set of facts that are
materially indistinguishable from a decision of this Court and
nevertheless arrives at a result different from our precedent."
<u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000).  A state court
decision is an unreasonable application of federal law "if the
state court identifies the correct governing legal principle from
this Court's decisions but unreasonably applies that principle to
the facts of the prisoner's case."  <u>Id.</u> at 413.

   The law limits the authority of the court to hold an
evidentiary hearing upon petitioner's application for relief:

   If the applicant has failed to develop the factual basis
   of a claim in State court proceedings, the court shall
   not hold an evidentiary hearing on the claim unless the
   applicant shows that - - (A) the claim relies on - - (i)
   a new rule of constitutional law, made retroactive to
   cases on collateral review by the Supreme Court, that was
   previously unavailable; or (ii) a factual predicate that
   could not have been previously discovered through the
   exercise of due diligence; and (B) the facts underlying
   the claim would be sufficient to establish by clear and

8

convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

In the case at bar, the court does not believe the state court's decision that petitioner did not receive ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law. Nor do we believe it was based upon an unreasonable determination of the facts presented to the court.

Petitioner had three attorneys who represented him during substantial periods of time prior to or during the trial of his case. Each attorney was permitted to withdraw during different parts of the state proceedings. In the petition for relief under § 2254, petitioner asserts that all of these attorneys worked in concert with the trial judge and the district attorney's office. Of course, there should be some agreements made or work done "in concert" in any case that goes to trial. Petitioner does not specifically assert or persuasively establish how this cooperation constituted deficient performance or an unprofessional error or how his trial would have resulted differently without such cooperation. Petitioner alleges that his attorneys allowed fabricated and manufactured evidence to be submitted. He submitted no proof for this claim to the state court during the hearing on his 60-1507 petition. Petitioner asserts that his attorneys did not subpoena

9

any witnesses.  However, petitioner again submitted no proof to the state court that any witness who was not called would have testified in a manner which reasonably could have produced a different verdict.

Specifically, petitioner complains that an officer named Randy Ellis, who swore to the affidavit used for the search warrant for the truck, was never required to testify about the search warrant. But, a motion to suppress was filed regarding the search warrant. Issues regarding the search warrant were preserved for appeal. Petitioner, however, refused to file a direct appeal against the advice of his counsel.  Petitioner did not produce evidence of what Ellis would have said had he been called to testify regarding the search warrant.  Petitioner does not argue or demonstrate how the record would have been demonstrably different with Ellis' testimony.  There was no factual basis for this claim before the state court on his state habeas petition, and no basis for this court to conduct an evidentiary hearing upon the claim in the instant petition.

The record before the court from the hearing upon the 60-1507 petition indicates that petitioner's counsel did raise objections to:  DNA evidence, the search warrants in the case, and evidence obtained from the recording of petitioner's conversation. Petitioner has failed to allege how this evidence could have been more effectively challenged with different objections or how the

case would have turned out differently with more effective assistance of counsel.  The other arguments made in petitioner's instant application for relief do not provide grounds for finding that petitioner received ineffective assistance of counsel.

Therefore, after a review of the record, the court shall deny petitioner's pending motions and shall deny petitioner's application for relief under § 2254.

**IT IS SO ORDERED.**

Dated this 26th day of July, 2005 at Topeka, Kansas.


                         s/Richard D. Rogers
                         United States District Judge

11